*Law Library*

## IN THE SUPERIOR COURT OF GUAM

WESTERN SALES TRADING COMPANY, INC., a Guam Corporation,

        Plaintiff,

vs.

7D FOOD INTERNATIONAL, INC., a Philippine Corporation,

        Defendant

CIVIL CASE NO. CV1527-11

DECISION & ORDER

This matter came before the HONORABLE VERNON P. PEREZ on November 30, 2012 on Plaintiff's Motion for Default Judgment. Attorney Joseph C. Razzano represented Plaintiff. Defendant is without counsel and did not appear at the motion hearing. The Court took the motion under advisement. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

### BACKGROUND

This case arises out of an action filed by Plaintiff Western Sales Trading Company Inc., a Guam Corporation, (hereinafter "Plaintiff") against Defendant 7D Food International, Inc., a Philippine Corporation, (hereinafter "Defendant"). Plaintiff alleges that it is a wholesale distributor who entered into an oral agreement with Defendant on or about July 5, 2003 for the distribution of dried mango on Guam. That agreement was followed by both Parties between the years of 2003 and 2008. Defendant attempted to terminate the renewal of agreement on January 2, 2009. Plaintiff alleges that Defendant breached the renewing contract and substantial damages resulted from that breach.

## DISCUSSION

### I. Standard for Default Judgment

Default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." GRCP Rule 55(a). The party applying for default must serve written notice of application for judgment at least three days before the hearing where the defendant has appeared personally or by representative. GRCP Rule 55(b).

### II. Jurisdiction and Notice

First and foremost, the Court is under the belief that all notice and service requirements have been fulfilled by Plaintiff in regards to this motion.[1] Therefore, the Court may continue with the entry of default in this matter. The Court also concludes that jurisdiction is proper in this case because both Parties do business on Guam and apply themselves to the protections of Guam law. Defendant, while a Philippine based corporation, has sufficient minimum contacts with Guam. Therefore, the Court maintains jurisdiction to resolve this matter under 7 GCA § 14109 and 7 GCA §3105. *See PCI v. GST*, 1999 Guam 17; *See also Int'l Shoe Co. v. Washington*, 66 S.Ct. 154 (1945).

### III. Entry of Default

Defendant has not appeared in this case for almost a year and has not made an effort to defend the case. The Court took evidence on Plaintiff's case through the submission of exhibits. The Court concludes that Plaintiff entered into a valid enforceable agreement with Defendant

---

[1] The Court finds service and notice are proper based on the statements by Plaintiff and by the presentation of evidence that an agent of the Defendant was personally served with notice of these proceedings while on Guam as well as service by registered mail. Written notice of this application for judgment has been given to Defendant and the Court may move forward with Default Judgment.

with an automatic renewal every year upon the completion of a condition by Plaintiff. Defendant breached that agreement by not renewing the contract upon the meeting of a contractual condition by Plaintiff. The Court finds that Plaintiff ordered at least four 20-foot containers or six tons of dried mango in the previous year. The Defendant was not at liberty to terminate the agreement as Plaintiff satisfied the condition required for automatic renewal. Guam law requires that parties entering into agreements with specific terms must perform under those terms. 18 GCA §§ 89101, 80101 and 80102. Thus, Defendant did breach the agreement. The Court finds that entry of a default judgment is proper and the only issue that remains is the determination of Plaintiff's damages and compensation.

Plaintiff requests a judgment in the amount of $1,511,522.00. The Plaintiff has submitted for the Court's review an exhibit that supports such an award based on past and future lost profits. While the Court appreciates the damages incurred by Plaintiff, the Court will only award damages according to the rules under Guam law and under the notions of justice. The Court will not award an unjust windfall judgment because Defendant is not present to object. The Court will award the past profits as determined by Thomas T. Ueno, CPA as they appear fully reasonable and reflect actual losses by Plaintiff. However, the Court will only award Plaintiff for two years of future lost profits to protect against an unjust award and still fully compensate Plaintiff.

The measure of damages for breach of contract is the amount which will compensate the party aggrieved for all detriment proximately caused by the breach and in the ordinary course of things, would likely result therefrom.[2] 20 GCA § 2201. Furthermore, damages must be certain.

---

[2] The Court would like to add emphasis to the following language: "in the ordinary course of things, would likely result therefrom".

20 GCA § 2202. A person, such as Plaintiff, who suffers detriment is entitled to recover from the unlawful act of omission of another with compensation from such other in money. *See* 20 GCA § 2101. Detriment is a loss or harm suffered in person or property. *See* GCA § 2102. Every person entitled to damages is also entitled to interest. 20 GCA § 2110.

The lost profits from 2009 and 2010 of $174,661.00 per year minus the mitigated profits of $11,986.00 equals future annual losses of $162,674.00. Thus, the Court finds an appropriate future losses award to be $325,348.00 or two years of $162,674.00. The Court will not award more than two years of lost profits because as time progresses the damages alleged become less certain. Therefore, 20 GCA §§ 2201 and 2202 require that the Court maintain a reasonable time frame to determine future losses.

The Court must also include interest on the total award under 20 GCA § 2110. The total award here is $498,605.00 for past losses in addition to $325,348.00 for future losses, which is $823,953.00. Pre-judgment interest at six percent per year will be applied from 2009 on the total award until judgment is entered. 20 GCA § 2110. After judgment, the Court will also order interest at six percent on the total award per year until paid.

## CONCLUSION

The Plaintiff's Motion for Default Judgment is GRANTED. Plaintiff is awarded $823,953.00 for past and future losses and $148,311.54 for three years of pre-judgment interest. The total award is $972,264.54. The Court also orders that interest accrue until the judgment is paid in full.

So ORDERED this 25th day of February, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM